IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MAY 11 2012

BRYANT AND JOHNNA COWARD, For and
on Behalf of M.L.C., a Minor,                                      **PLAINTIFFS**

VS.                                              CIVIL ACTION NO. 3:12CV332 CWR-FKB

HINDS COUNTY SCHOOL DISTRICT,
ILLINOIS UNION INSURANCE COMPANY,
and ACE USA, INC.                                                  **DEFENDANTS**

### NOTICE OF REMOVAL

TO:   John F. Hawkins
      Hawkins, Stracener & Gibson, PLLC
      628 North State Street
      Jackson, Mississippi 39202-3303
      Counsel for Plaintiff

      Lawrence M. Coco, III
      R. Patrick McCraney
      T. Stewart Lee, Jr.
      McCraney, Coco & Lee, PLLC
      602 Steed Road, Suite 110
      Ridgeland, Mississippi 39157
      Counsel for Hinds County School District

      Barbara Dunn
      Hinds County Circuit Clerk, First Judicial District
      P.O. Box 327
      Jackson, Mississippi 39205

PLEASE TAKE NOTICE that in accordance with 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Illinois Union Insurance Company ("Illinois Union") and ACE USA, Inc. ("ACE USA") have removed this civil action from the Circuit Court of Hinds County, Mississippi, First Judicial District, to the United States District Court for the Southern District of Mississippi, Jackson Division, and in support of the removal show unto the Court the following:

1. On June 17, 2010, Plaintiffs Bryant and Johnna Coward, for and on behalf of M.L.C., a minor, filed suit (the "Underlying Action") in the Circuit Court of Hinds County, Mississippi, First Judicial District, against Hinds County School District (the "School District"); Stephen L. Handley, individually and in his official capacity as superintendent of the School District; Kimberly Davenport, individually and in her official capacity as principal of Gary Road Intermediate School; and Gary Road Intermediate School (all defendants in the Underlying Action collectively referred to as the "School District Defendants").[1] The Cowards' Complaint in the Underlying Action alleges claims for conspiracy, breach of fiduciary duty, intentional or negligent infliction of emotional distress, negligent assignment, hiring and retention, and negligent misrepresentation, arising out of "many instances" of alleged physical and mental abuse of M.L.C. by a teacher employed at Gary Road Intermediate School, Louise Johnston.[2]

2. Ace American Insurance Company ("AAIC") issued to the School District a Scholastic Advantage Educators Legal Liability Policy (the "AAIC Policy"). AAIC is a sister company to Illinois Union and both are insurance companies belonging to what is commonly referred to in the industry as the ACE Group of Companies. Both Illinois Union and AAIC are part of a separate marketing identifier within the ACE Group of Companies referred to as ACE USA, though ACE USA is a non-entity.

3. On February 9, 2012, the Cowards filed against Illinois Union, ACE USA and the School District a Complaint for Declaratory Relief in the Circuit Court of Hinds County, Mississippi, First Judicial District. The Cowards seek a determination that Illinois Union and ACE USA be required to provide defense and indemnity coverage to the School District Defendants under the AAIC Policy (incorrectly identified as the Illinois Union Policy) issued to

---

[1] Ex. 1, Complaint in Underlying Action.
[2] Ex. 1, Complaint in Underlying Action.

the School District for the claims asserted by the Cowards in the Underlying Action.[3] While the School District is a named defendant in the Complaint for Declaratory Relief, no actual relief is sought against it.[4] Service of process of the Complaint for Declaratory Relief was made upon Illinois Union and ACE USA on April 17, 2012.[5]

4. On April 26, 2012, the School District filed against Illinois Union and ACE USA a Cross-Complaint for Declaratory Relief in the Circuit Court of Hinds County, Mississippi, First Judicial District, seeking a determination that they be required to provide defense and indemnity coverage under the AAIC Policy issued to the School District for the claims alleged against it in the Underlying Action.[6]

## NOTICE TIMELY FILED

5. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed. This Notice is being filed within thirty (30) days after the first receipt by Illinois Union and ACE of a copy of the initial pleading setting forth the claim for relief, being the Plaintiffs' Complaint for Declaratory Relief.

## DIVERSITY JURISDICTION – REALIGNMENT OF PARTIES

6. This is a civil action over which this Court has original jurisdiction under U.S.C. § 1332, and which may be removed to this Court pursuant to 28 U.S.C. § 1441.

7. Plaintiffs are residents of Mississippi.

---

[3] Ex. 2, Complaint for Declaratory Relief. Illinois Union is incorrectly named as a party to this action. Illinois Union also is an insurance company member of the ACE Group of Companies (also referred to for marketing purposes as "ACE USA"). But AAIC, not Illinois Union, issued the insurance Policy in question. When ACE USA Professional Risk Claims issued the coverage declination (on behalf of AAIC) to the School District Defendants for the claims asserted by the Cowards, it incorrectly referred to the wrong subsidiary issuing company, Illinois Union, when it should have referred to AAIC.
[4] Ex. 2, Complaint for Declaratory Relief.
[5] Ex. 3, Service of Process Transmittal.
[6] Ex. 4, Cross-Complaint for Declaratory Relief.

8. Defendant Illinois Union is an insurance company incorporated in Pennsylvania with its principal place of business in Chicago, Illinois.

9. Defendant ACE USA is a non-entity. It is a marketing identifier and refers to the ACE Group of Companies (also a non-entity) comprised of insurance and reinsurance companies that are licensed or otherwise approved to transact insurance or reinsurance business in various jurisdictions around the world.

10. Defendant Hinds County School District is a government entity in Mississippi. Its presence as a defendant in this case, if proper, would destroy diversity jurisdiction. However, the School District should be realigned as a plaintiff because its interests in this declaratory judgment action are the same as those of the Cowards. Both the School District and the Cowards seek a determination that Illinois Union and ACE USA be required to provide defense and indemnity under the AAIC Policy issued to the School District for the claims alleged against the School District Defendants in the Underlying Action.[7]  See Doe v. Sharma, 2008 U.S. Dist. LEXIS 105327 (S.D. Miss. Aug. 6, 2008) (realigning as plaintiffs Mississippi insureds whose presence as defendants in a coverage DJ destroyed diversity, consistent with the Mississippi insureds' interest in obtaining coverage); Jackson HMA, Inc. v. St. Paul Fire & Marine Ins. Co., 246 F. Supp. 2d 535, 2003 U.S. Dist. LEXIS 1590 (S.D. Miss. 2003) (same).

11. When the School District is realigned as a plaintiff, since its interests in this coverage action are the same as the Cowards' interests, complete diversity exists between Plaintiffs, as Mississippi residents, and Defendant Illinois Union, as a non-resident corporation.

**AMOUNT IN CONTROVERSY**

12. The amount in controversy in this action exceeds $75,000.00, exclusive of interests and costs. In cases where there is an unspecified demand for damages, district courts

---

[7] Compare Ex. 2, Complaint for Declaratory Relief with Ex. 4, Cross-Complaint for Declaratory Relief.

look to the face of the pleadings to determine if it is "facially apparent" – meaning more likely than not – that the amount in controversy requirement is met. See Hartford Ins. Group. v. Lou-Con, Inc., 293 F.3d 908, 911 (5th Cir. 2002). In determining this issue, district courts are authorized to make reasonable deductions, inferences and extrapolations from the pleadings. Id.

13.     In declaratory judgment actions, the amount in controversy "is 'the value of the right to be protected or the extent of the injury to be prevented.'" Colony Ins. Co. v. Ropers of Hattiesburg, 2011 U.S. Dist. LEXIS 34026 (S.D. Miss. Mar. 29, 2011) (quoting Lou-Con, Inc., 293 F.3d at 911). In insurance coverage disputes, this value is measured by analyzing the insurer's potential liability under the policy. Colony, 2011 U.S. District LEXIS 34026. The costs of providing a defense under the policy also are included in a district court's determination of the amount in controversy. Id. (citing Stonewall Ins. Co. v. Lopez, 544 F.2d 198, 198 (5th Cir. 1976).

14.     It is apparent on the face of the pleadings that the amount in controversy requirement is met. Both the Cowards' Complaint for Declaratory Relief and the School District's Cross-Complaint for Declaratory Relief allege that "[b]ecause the damages sought in the Complaint are [covered], the [AAIC Policy] does provide coverage in the amount of $2 million for the claims, demands and damages alleged and sought by underlying Plaintiffs against Hinds County, and its agents, officials, and employees."[8] That allegation alone invokes a reasonable inference that the amount in controversy exceeds $75,000.00. In addition, the Cowards seek a determination that Illinois Union and ACE USA be required to provide the School District a defense in the Underlying Action, filed nearly 2 years ago. It is reasonable to infer that the School District's attorneys' fees and costs in the Underlying Action are substantial,

---

[8] Ex. 2, Complaint for Declaratory Relief ¶18; Ex. 4, Cross-Complaint for Declaratory Relief ¶14.

and could satisfy the jurisdictional requirement alone – without regard to the amount of damages for which indemnity coverage is sought.

15. Moreover, the Cowards' Complaint in the Underlying Action alleges that the School District defendants committed deliberate, intentional and gross misconduct causing M.L.C. to suffer chronic and severe psychological injuries. The Cowards seek to recover as compensatory damages unspecified future medical expenses, past and future pain and suffering damages and mental anguish damages, and "the full amount of all damages available under the law" – which includes punitive damages under Mississippi law. See U.S. Indus., Inc. v. McClare Furniture Co., 371 So. 2d 391, 393 (Miss. 1979) (punitive damages permitted where there is intentional infliction of damage). The Court can reasonably deduce from the face of the Complaint that the value of the Cowards' claims against the School District, for which the Cowards and the School District seek $2 million in insurance coverage, exceeds the jurisdictional threshold.

16. Finally, while it is apparent from the face of the pleadings that the amount in controversy exceeds $75,000.00, Illinois Union and ACE USA attach additional evidence to support removal. In a December 29, 2009 demand letter to the School District, counsel for the Cowards notified the School District that "[the Cowards'] claim is brought for the full amount of all damages available under the law, including the $500,000.00 cap, as well as any additional insurance coverage maintained for the purpose of providing coverage for the potential Defendants."[9] The Cowards' claim to damages in excess of $500,000.00 leaves no room for doubt that the amount in controversy requirement is met.[10]

---

[9] Ex. 5, December 29, 2009 Notice to the School District (emphasis added).
[10] Illinois Union and ACE assert they have satisfied their burden of proving the amount in controversy requirement is met. If the Court has any doubt, however, Illinois Union and ACE respectfully request an opportunity to conduct jurisdictional discovery.

### WRITTEN NOTICE TO PARTIES AND FILING IN STATE COURT

17.     Written notice of filing of this Notice of Removal is being served directly on all parties or through their counsel of record. A copy of the Notice of Removal has been filed with the Clerk of the Circuit Court of Hinds County, Mississippi.

### CONSENT OF OTHER DEFENDANTS

18.     Illinois Union and ACE USA are the only parties required for the removal of this cause. Consent of the School District is unnecessary in that it should be realigned as a plaintiff. See Doe v. Sharma, 2008 U.S. Dist. LEXIS 105327 (S.D. Miss. Aug. 6, 2008); Jackson HMA, Inc. v. St. Paul Fire & Marine Ins. Co., 246 F. Supp. 2d 535, 2003 U.S. Dist. LEXIS 1590 (S.D. Miss. 2003).

### PROCESS, PLEADINGS AND ORDERS SERVED

19.     Pursuant to U.S.C. § 1446(a), a copy of all process, pleadings and orders received by Illinois Union and ACE are attached.[11]

WHEREFORE, Illinois Union and ACE USA request the Court to take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Hinds County, Mississippi, First Judicial District, to the United States District Court for the Southern District of Mississippi, Jackson Division.

Dated: May 10, 2012.

---

[11] Ex. 6, Copies of Process, Pleadings and Orders Served.

Respectfully submitted,

Graham R. Pulvere (101804)
Attorney for Illinois Union Insurance
Company and ACE USA, Inc.

OF COUNSEL:
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
2501 20th Place South, Suite 300
Birmingham, Alabama 35223
Tel: (205) 967-8822
Fax: (205) 967-2380

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of May, 2012, a true and correct copy of the foregoing has been furnished either by filing thought the CM/ECF electronic filing system or by U.S. Mail, postage prepaid, upon the following parties:

John F. Hawkins
Hawkins, Stracener & Gibson, PLLC
628 North State Street
Jackson, Mississippi 39202-3303

Lawrence M. Coco, III
R. Patrick McCraney
T. Stewart Lee, Jr.
McCraney, Coco & Lee, PLLC
602 Steed Road, Suite 110
Ridgeland, Mississippi 39157

Barbara Dunn
Hinds County Circuit Clerk, First Judicial District
P.O. Box 327
Jackson, Mississippi 39205

/s/ Graham R. Pulvere
OF COUNSEL